■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ROSCO MAXWELL, Respondent.—Order, Supreme Court, New York County, entered April 10, 1975, which granted defendant's motion to suppress evidence seized and inculpatory statements made after the arrest, unanimously reversed, on the law, and the motion to suppress denied. Two police officers in uniform were on the roof of a five-story building in a high crime area. One of them, who had narcotics experience, used a pair of binoculars to watch the defendant in the street and saw him within a period of one-half hour pass glassine envelopes to three different people and receive United States currency in exchange. While the companion officer did not have binoculars and did not witness any of the transactions, he was given a concurrent report of the transactions as they occurred in the street. A back-up team was advised to make an arrest and 29 glassine envelopes with heroin were retrieved from the defendant's pocket. We find that there was probable cause for the arrest, the hearing court having credited the police officers' testimony of what occurred. *(People v Valentine,* 17 NY2d 128.) The case of *People v Corrado* (22 NY2d 898), cited by the hearing court to the effect that mere suspicion is insufficient, is distinguishable. There only one transaction was involved, and the officers observed teenagers passing opaque *manila* envelopes with no currency being exchanged, and the situation was consistent with the possible normal activities of teenagers. The inculpatory statements having been suppressed because they were tainted by the alleged illegal arrest, the suppression as to those statements should also be denied. Concur—Kupferman, J. P., Murphy, Lupiano, Birns and Lane, JJ.

■ LEONARD W. TRIMMER, Respondent, v CATHARINE B. VAN BOMEL, Appellant.—Order, Supreme Court, New York County, entered September 23, 1975, denying defendant's motion for summary judgment, unanimously affirmed, without costs and without disbursements, and without prejudice to renewal thereof after the conclusion of pretrial procedures herein. We do not pass upon the merits of plaintiff's claims or defendant's position with respect thereto at this time, except to the extent that we agree with Special Term that the present record contains issues of fact which cannot now be summarily resolved. Defendant's reliance on plaintiff's deposition in support of her motion is premature since that deposition has not yet been submitted to plaintiff for signature and, hence, is still subject to change. Moreover, plaintiff has not had the opportunity to depose the defendant in this most unusual litigation. Concur—Stevens, P. J., Kupferman, Silverman, Capozzoli and Nunez, JJ.