OPINION OF THE COURT
Stanley Gartenstein, J.
Defendants, were arrested on April 21, 1980 and charged with obscenity in the second degree (Penal Law, § 235.05). Defendants now move to dismiss the charges against them, claiming that their warrantless arrests were unlawful. The actions against the two defendants were consolidated for the purpose of this motion as the issues to be resolved are the same in both actions.
On April 21, 1980 Officers Raymond Cronin and Jerry Walsh applied for and were issued search warrants to search the bookstores on the ground floors of 217 West 80th Street and 287 Amsterdam Avenue, both in New York County. The warrants authorized the seizure of up to six copies of the magazine “Pickup Tricks” at 217 West 80th Street and up to six copies of the magazine “Wet Mouth” *950 at 287 Amsterdam Avenue. Officer Cronin applied for the search warrant for 217 West 80th Street and Officer Walsh applied for the search warrant for 287 Amsterdam Avenue. Officer Cronin’s affidavit in support of his application stated that as a result of an official police department complaint, he went to the bookstore at 217 West 80th Street and purchased the magazine entitled “Pickup Tricks” from “John Doe” whose description was set forth in the affidavit. Officer Walsh’s affidavit in support of his application stated that as a result of an official police department complaint, Officer Cronin went to the bookstore at 287 Amsterdam Avenue and purchased the magazine entitled “Wet Mouth” from “John Doe” whose description was set forth in the affidavit. Copies of both magazines were submitted to the court for review and each was part of the respective affidavits. Search warrants were issued authorizing the seizure of up to six copies of each magazine from the respective bookstores. In the course of executing the warrants Wilson Castillo was arrested at 217 West 80th Street and Jose Ruiz was arrested at 287 Amsterdam Avenue.
The accusatory instruments allege that each defendant “with intent to promote obscene material, and with knowledge of its obscene character, did promote such material in that he offered to sell such material” and did sell such material. The accusatory instruments also state that defendants were arrested pursuant to warrants. At defendants’ arraignments the court was informed by the Assistant District Attorney that no arrest warrants were used and that the warrants referred to in the accusatory instruments were search warrants.
Defendants urge this court to dismiss the charges against them on the ground that they were not arrested pursuant to arrest warrants. The defendants put forth two arguments in support of their motion. Their first argument is that since this case involves the First Amendment, i.e., the dissemination of materials which are alleged to be obscene, that close judicial scrutiny and supervision were necessary, in the form of an arrest warrant issued by an impartial Magistrate. Their second argument is that a warrantless arrest of a person in a commercial premise is in violation *951 of the person’s Fourth Amendment rights and therefore these warrantless arrests were unconstitutional.
A police officer may arrest an individual without an arrest warrant when he has probable cause to believe that a crime or offense has been committed by that person in his presence (CPL 140.10; People v De Bout, 40 NY2d 210, 224). Since the present case deals with a warrantless arrest, it is necessary to determine if, at the time of arrest, the police officers had probable cause to believe that a crime or offense had been committed in their presence.
The Court of Appeals in People v Valentine (17 NY2d 128, 132, mot to amend remittitur granted 17 NY2d 869), held that “[t]he standard of probable cause to be applied in a situation where a police officer makes an arrest without a warrant is the standard of what would be probable cause to ‘ “a reasonable, cautious and prudent police officer” ’ ”. Whether such action is reasonable depends not on “inchoate and unparticularized suspicion or ‘hunch’, but to the specific reasonable inferences which he [the officer] is entitled to draw from the facts in light of his experience.” (Terry v Ohio, 392 US 1, 27.) The issue therefore is whether the issuance of a search warrant, which is issued upon probable cause (US Const, 4th Arndt), would give “a reasonable, cautious and prudent police officer” probable cause to make an arrest without first obtaining an arrest warrant. This court believes that in certain circumstances the issue should be answered in the affirmative. This court today holds that when, during the proper execution of a valid search warrant, in an area other than a person’s home, the facts that exist at that moment are nearly identical to those which gave rise to probable cause for the issuance of the search warrant, there is probable cause for the police officer to make an arrest.
This court finds that the search warrants in this case were obtained via the constitutionally permissible procedure indicated in Heller v New York (413 US 483) for cases involving obscenity. The magazines in question were viewed by a Judge of this court and he determined that there was probable cause to believe that such magazines were obscene and therefore in violation of section 235.05 *952 of the Penal Law; the warrants specifically identified the items to be seized; the number of copies of each of the magazines which were to be seized was limited to six. This court also finds that these valid search warrants were properly executed. Therefore, the police officers, in this case, had the requisite probable cause to make an arrest pursuant to CPL 140.10.
In Payton v New York (445 US 573), the Supreme Court held that warrantless and nonconsensual entries into a person’s home to make an arrest are prohibited. The defendant would have this court extend the holding in Payton to encompass commercial premises. In United States v Ponce (488 F Supp 226, 229) Judge Gagliardi, mentioning Pay-ton in a footnote refused to extend the prohibition of warrantless arrests in one’s home to the commercial setting. This court likewise declines to make such an extension.
For all the reasons stated above, this court holds that the arrests of the defendants were proper and therefore the defendants’ motion to dismiss is denied.