Btjbke, J.
The defendant appeals, pursuant to permission, from a judgment of the Appellate Term, Second Department, which affirmed a judgment of the Criminal Court of the City of New York convicting defendant of violating sections 974 and 975 of the Penal Law.
The arresting officer testified at the trial that, on the afternoon of September 23, 1964, the defendant was standing on a street corner in Brooklyn. During a period of more than 20 minutes, from a vantage point 50 to 60 feet away in a parked automobile, the officer observed six unknown persons approach the defendant. Each of these persons engaged the defendant in a short conversation, and, at the conclusion thereof, each was seen to hand him money in bill form. On three of these occasions the defendant was observed making notations on a slip of paper. Then, at approximately 1:30 p.m., the officer approached the defendant, identified himself as a police officer, and placed him under arrest. The officer testified that prior to the arrest he had not overheard any of the conversations between the defendant and the unknown persons, nor was he able to see the notations made by the defendant on the piece of paper.
Following the arrest, the officer seized a slip of paper from the defendant’s hand and took him to his car where he was searched. At this time two more pieces of paper were found on the defendant’s person. All three pieces of paper bore numbers of three digits which the officer, conceded to be an expert in policy operations, testified to be mutuel race horse policy numbers. During the trial the Judge conducted a voir dire examination at the request of the defense upon an objection to the People’s introduction of the first slip into evidence. At the conclusion of the voir dire examination the objections of the defense to the introduction of the slips were denied.
Defendant argues on the appeal to this court that the arrest in the street was unlawful, and that, since the incident search was made without a warrant, the slips of paper introduced as evidence against him were illegally obtained. The applicable law is to the contrary.
*131 Prior to July 1, 1963, an arrest without a warrant for the commission of a misdemeanor was unlawful unless the arresting officer observed the crime being committed in his presence. (People v. Moore, 11 N Y 2d 271 [1962]; People v. Caliente, 12 N Y 2d 89 [1962].) It was clear from these decisions that under the statute in effect at that time the police officer’s observations prior to the arrest had to amount to enough evidence to convict the defendant of a crime. But as of July 1, 1963, the Code of Criminal Procedure dealing with a police officer’s arrest for a misdemeanor was amended to read, in pertinent part, as follows:
‘ ‘ § 177. In what cases allowed. A peace officer may, without a warrant, arrest a person,
“ 1. For a crime, committed or attempted in his presence, or where a police officer # * * has reasonable grounds for believing that a crime is being committed in his presence.” (The italicized portion of this statute was enacted in 1963, eff. July 1,1963.)
This amendment has the effect of allowing a police officer to arrest a person when there is probable cause for believing that the person is committing a misdemeanor in his presence. The change allows the same standard of probable cause justifying an arrest without a warrant to prevail for misdemeanors committed in the presence of a police officer as for felonies.
The most recent pronouncements of this court on probable cause for an arrest are People v. Brady (16 N Y 2d 186 [1965]) and People v. White (16 N Y 2d 270 [1965]). In White the court held that there was probable cause for an arrest without a warrant and an incident search with no more in the record “ than a showing that a known addict holding money in Ms hand and talking to the suspected drug peddler quickly put the money away and left the scene when the detective approached ” (16 N Y 2d, p. 273). Chief Judge Desmond in his opinion for the court wrote: ‘ ‘ But we will remember that what we are talking about is not the proof beyond a reasonable doubt required for the conviction of a crime but reasonable ground or probable cause for making a search, that is, observations or information sufficient to move a reasonable man to conclude that a crime is being committed or attempted ” (p. 273). In Brady the court ruled that a suspected burglar was properly arrested without *132 a warrant after being recognized coming out of a hotel where he had previously been caught in the hallways with a number of room keys in his possession. When stopped in the street nearby the hotel, the defendant denied that he had been there on the evening in question and also denied his name was Brady. The standard of probable cause to be applied in a situation where a police officer makes an arrest without a warrant is the standard of what would be probable cause to “ ‘ a reasonable, cautious and prudent police officer ’ ” (16 N Y 2d, p. 189). (See, also. People v. Hook, 15 N Y 2d 776 [1965] and Bell v. United States, 254 F. 2d 82, 86, cert. den. 358 U. S. 885.) Under the new statute it is this standard that is to be applied to the defendant’s arrest.
In the present case an experienced police officer, a conceded expert on the game of policy, who was familiar with its modus operandi, observed the defendant for over 20 minutes and concluded that he was engaged in activities typical of a gambling profession. The officer was warranted in satisfying himself that he had reasonable grounds for believing that a crime was being committed in his presence. (See Jackson v. United States, 302 F. 2d 194, 196 [D. C. Cir., 1962].) Here each transaction observed by the officer might have been seemingly innocent, but the repeated pattern amounted to probable cause in the eyes of an arresting officer who was well versed in the behavior of a professional policy operator. Thus under the present law the arresting officer had reasonable grounds for believing that the defendant was committing a crime in his presence and the arrest and incident search were, therefore, proper.
The judgment of the Appellate Term should be affirmed.
Chief Judge Desmond and Judges Fuld, Van Voor his, Scileppi, .Beiigan and Keating concur.
Judgment affirmed.