[No. 14138-4-I.   Division One.   March 4, 1985.]

THE STATE OF WASHINGTON, *Respondent*, v. RODERICK LARUE MCPHERSON, *Appellant*.

*Richard J. Troberman,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *David W. Merrell, Deputy,* for respondent.

WILLIAMS, J.—Roderick LaRue McPherson was charged by information with one count of violating the Uniform Controlled Substances Act, RCW 69.50.401(a), specifically possession with intent to manufacture or deliver marijuana. His motion to suppress evidence seized under authority of a search warrant was denied. McPherson was subsequently found guilty upon stipulated facts and appeals.

On February 14, 1983, the King County Police Drug Enforcement Unit received an anonymous telephone call, advising that:

> the occupant of the white house at 126 SW 144th in Seattle was growing a large quantity of marijuana in the house and was a large dealer of marijuana.

The only other information was that the occupant had a white Ford pickup.

In response, Detective Terry Oswald of the Drug Enforcement Unit went to the residence on February 24, 1983, and verified the accuracy of the information given by the anonymous informant, except that the pickup was a Chevrolet. He also observed condensation on the main floor front windows, potting soil piled next to the garage door, and black plastic covering the garage door windows. Detective Oswald then obtained a power use printout from Seattle City Light via an inquiry judge subpoena, which indicated a two- to threefold increase in consumption dating back to when McPherson first occupied the premises. Detective Oswald returned to the property on March 8, 1983, and again observed condensation on the main floor windows and black plastic covering the garage door windows. Based on this information, Detective Oswald applied for and received a search warrant authorizing a search of

the residence for controlled substances including marijuana and related material.

Upon serving the warrant, the officers found and seized grow lights, transformers, fans, and 4,800 grams of marijuana in three bags and from 40 growing marijuana plants. They also seized papers and documents in McPherson's name, including his rental agreement for the premises.

The principal question is whether the trial court erred in denying McPherson's motion to suppress all evidence seized pursuant to the search warrant. McPherson argues that the anonymous tip coupled with the follow–up police investigation was insufficient to establish probable cause for the search warrant. We agree.

■ ■ The test for sufficiency of an informant's tip to establish probable cause for a search warrant is derived from *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969) and *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964). The rule is that:

> For an informant's tip (as detailed in an affidavit) to create probable cause for a search warrant to issue: (1) the officer's affidavit must set forth some of the underlying circumstances from which the informant drew his conclusion so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) the affidavit must set forth some of the underlying circumstances from which the officer concluded that the informant was credible or his information reliable.

*State v. Jackson,* 102 Wn.2d 432, 435, 688 P.2d 136 (1984). If the informant's information does not satisfy this test, probable cause can still be established if independent police work sufficiently corroborates the informant. *State v. Jackson,* at 438.

The anonymous tip was insufficient to establish probable cause because there was no showing that the caller was honest or his information reliable, or that he obtained the information in a reliable manner. Moreover, the information contained in the affidavit for the search warrant did

not point to criminal activity, suspicious activity or any activity at all. Everything that was observed by Detective Oswald was commonplace, consistent with normal behavior.

The independent police investigations should point to suspicious activity, "'*probative indications of criminal activity* along the lines suggested by the informant". Merely verifying "innocuous details", commonly known facts or easily predictable events should not suffice to remedy a deficiency in either the basis of knowledge or veracity prong.

(Citations omitted.) *State v. Jackson,* at 438.

■ Integral to the evidentiary support for the search warrant was the information gained through the special subpoena to the power company. Such a sharp increase in electrical use in an ordinary residence is somewhat unusual but there are too many other plausible explanations for the increased energy use for that information to point to criminal activity. Therefore, the affidavit for the search warrant did not establish probable cause, the warrant should not have been issued, and the trial court erred in not suppressing all evidence seized pursuant thereto.

Because probable cause was not established even with the electrical records, we decline the opportunity to decide whether the use of an inquiry judge subpoena to obtain those records was an unconstitutional invasion of privacy.

The judgment is reversed.

CORBETT, C.J., and SCHOLFIELD, J., concur.