[No. 15614-4-I.   Division One.   June 2, 1986.]

THE STATE OF WASHINGTON, *Appellant,* v. NOEL LEON STERLING, ET AL, *Respondents.*

*Seth Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for appellant.

*Mark D. Mestel,* for respondents.

RINGOLD, J.—The State appeals from an order suppressing evidence that had been obtained by a search warrant, which the trial court found to be issued without probable cause. We find that there was sufficient evidence of probable cause to issue the warrant and reverse.

The Edmonds Police executed a search warrant at the home of Noel and Sally Sterling and found 46 marijuana plants. The Sterlings filed a motion to return property that was not contraband and to suppress the evidence obtained from the execution of the search warrant. The trial court held that the affidavit submitted by Officer Paul Miller to obtain the search warrant did not establish probable cause to believe contraband would be located at the Sterlings' residence.

Officer Miller's affidavit stated:

Affiant has received information from an anonymous informant that says that marijuana is being grown by Noel Sterling who lives on 199th St. SW, West of 76th Ave. W., and that Sterling is growing the marijuana in his garage.

Affiant verified the existence of Noel Sterling through the telephone listing in the telephone book. The address with the listing is 7901 199th St. SW., Edmonds, Washington. Affiant also checked the Edmonds Police Records and found that Noel Sterling has a police record and that his last known address is 7901 199th St. SW., Edmonds, Washington. Affiant also obtained Noel Sterling[']s full name and date of birth which allowed affiant to obtain a driver's license check. The Washington State driver's check showed that Noel Sterling uses the address of 7901 199th St. SW., Edmonds, Washington.

Affiant surveilled 7901 199th St. SW., Edmonds, Washington and obtained a vehicle license which is registered to Noel Sterling. Also, during this surveillance, affiant saw that both windows on the East side of the garage were covered in a way that would block out light going into or out of the garage. One of the windows has been converted into a vent. Affiant also saw a large metal vent on the roof of the garage. The vent on the roof of the garage is at least one foot in diameter and looks like the type used on commercial buildings instead of domestic housing.

During the afternoon of 08-21-84 affiant approached the front door of the residence from the driveway. Affiant had to walk by the garage to approach the front door of the residence. As affiant walked by the garage, affiant could hear an electric motor running. The sound was quite loud and not the sound of a commonly found home appliance. Affiant could also see that the garage door had not been opened for some time. This was evident by the amount of debris and plant growth along the bottom of the garage door. When affiant looked into the residence from the open front door, affiant could see that the garage was walled off from the living room and closed off. Affiant's research of police records turned up information that Noel Leon Sterling has been convicted of narcotics violations on 2 separate occaisions [*sic*].

Affiant obtained electricity consumption records for 7901-199th St. SW, Edmonds, Washington for the dates

from 06–11–82 to 08–09–84. Noel Sterling has been living at this address since 1978. The records were obtained through the use of a search warrant. The electricity consumption records show that there is a current high usage of power. The last two month period shows a consumption of 5595 kilowatt hours of power. The same two month period in 1983 shows a consumption of 1052 kilowatt hours of power. This is at least a 500% increase in power consumption. In 1984, so far, power consumption for 7901 199th St. SW., Edmonds, Washington, has been 23239 kilowatt hours. For the same residence and the same period of time in 1983, the power consumption was 4992 kilowatt hours, which shows a minimum 400% increase in power consumption in 1984. In affiant's experience, this type of power consumption history is indicative of a marijuana growing operation where fans, halide and/or sodium vapor lights and other electrical equipment is being used to cultivate marijuana. Due to Noel Sterling's past involvement in narcotics, the modifications to the residence in which he lives, the power consumption history, and the information given by an unknown anonymous informant, affiant believes that a marijuana grow operation is located in the residence and garage at 7901 199th St. SW., Edmonds, Washington. Halide lights use 1000 watts which leads to high power consumptions.

"To establish probable cause the affidavit must set forth sufficient facts to lead a reasonable person to conclude there is a probability that the defendant is involved in criminal activity." *State v. Cord,* 103 Wn.2d 361, 365–66, 693 P.2d 81 (1985). Affidavits for search warrants must be tested in a commonsense manner, and doubts should be resolved in favor of the warrant. *State v. Partin,* 88 Wn.2d 899, 904, 567 P.2d 1136 (1977). The determination of probable cause by the issuing judge should be given great deference by reviewing courts. *State v. Seagull,* 95 Wn.2d 898, 907, 632 P.2d 44 (1981). If, however, evidence is seized pursuant to a warrant issued without probable cause, the evidence should be suppressed. *See State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982).

It is undisputed that the anonymous tip that the Ster-

lings were growing marijuana is insufficient to show probable cause to issue a warrant. The tip fails to meet the 2–prong test of *Aguilar–Spinelli*.[1] The State, however, argues that there are sufficient facts from an independent police investigation to corroborate the informant's tip and show probable cause to support issuance of the search warrant.

If a police investigation points to suspicious activity, indicating criminal behavior along the lines suggested by an informant, then the corroborating investigation may replace the requirements of *Aguilar–Spinelli*. *State v. Jackson,* 102 Wn.2d 432, 438, 688 P.2d 136 (1984). The corroboration must concern more than public or innocuous facts. *Jackson,* at 438.

In *State v. McPherson,* 40 Wn. App. 298, 698 P.2d 563 (1985), where the facts are similar, the court held that there was not probable cause for the issuance of a search warrant. The Sterlings contend that the outcome here is controlled by *McPherson*.

*McPherson* and the present case have four factors in common. First, an anonymous informant gave the police a tip that a marijuana growing operation was taking place. Second, the police confirmed that the names of the suspects and the addresses matched the information given by the tips. Third, the windows were covered with opaque material. Fourth, a large increase in power use was discovered by checking the electrical records of the defendants' home.

In *McPherson,* there were two items in the affidavit not present in Officer Miller's affidavit: (1) the suspect's house had condensation on the windows; and, (2) there was potting soil next to the garage. Miller's affidavit, however, lists several unique facts: (1) there was a large metal vent on the roof of the garage that appeared to be of a commercial rather than residential type; (2) Miller heard the sound of an electric motor running in the garage that did not

---

[1]*Spinelli v. United States,* 393 U.S. 410, 413, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 114, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

sound like an ordinary home appliance; (3) it was apparent that the garage door had not been opened in some time, because of plant growth and debris in front of the door; (4) Miller observed, through an open door to the house, that the garage had been walled off from the living area of the house; and, (5) Noel Sterling had two prior narcotics convictions.

The Sterlings quote from *State v. Hobart,* 94 Wn.2d 437, 446–47, 617 P.2d 429 (1980) to support their argument that Noel Sterling's prior convictions should not be considered. In *Hobart,* however, the court stated that a prior criminal record does not give the police probable cause to conduct a warrantless search. The court in *Hobart* did not say that a prior conviction could not be a factor considered by a neutral judicial officer when determining whether probable cause exists to issue a warrant. The federal courts have approved consideration of prior criminal records in making such determinations. *E.g., United States v. Ellery,* 678 F.2d 674, 678 (7th Cir.), *cert. denied,* 459 U.S. 868, 74 L. Ed. 2d 126, 103 S. Ct. 150 (1982).

In *McPherson* there was a 200 to 300 percent increase in power consumption since the defendants had occupied their house. The Sterlings had a 400 to 500 percent increase in power consumption over the prior year. The police in *McPherson* did not provide any information showing a correlation between increased power use and illegal activity. Unlike *McPherson,* Officer Miller's affidavit stated that in his experience large marijuana growing operations required a large increase in power usage from normal residence power consumption.

In *McPherson,* at 301, this court stated, "Such a sharp increase in electrical use in an ordinary residence is somewhat unusual but there are too many other plausible explanations for the increased energy use for that information to point to criminal activity." We reaffirm that the increase in power use standing alone does not constitute probable cause to issue a search warrant. If combined, however, with other factors an increase in power usage is a factor that

may be considered when determining whether probable cause exists to issue a search warrant.

"In determining whether probable cause exists, a magistrate is entitled to draw reasonable inferences from the facts and circumstances set forth in the supporting affidavit." *State v. Riley,* 34 Wn. App. 529, 531, 663 P.2d 145 (1983). The magistrate could have inferred from the large increase in power usage and other suspicious facts which gave credence to the anonymous tip that the Sterlings were engaged in illegal activity at their house. Thus, resolving doubts in favor of the search warrant, it was based on probable cause. *See Partin,* at 904.

The trial court is reversed and the case is remanded for further proceedings consistent herewith.

SCHOLFIELD, C.J., concurs.

WILLIAMS, J. (concurring specially)—The narrow issue in this case is whether the accumulation of information gained from independent police investigatory work corroborated the informant's tips sufficiently to establish probable cause. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). I agree with the majority that it did.

Review denied by Supreme Court September 4, 1986.