[No. 9056–6–III.   Division Three.   December 20, 1988.]

THE STATE OF WASHINGTON, *Respondent,* v. RONALD HELMER MICKLE, *Appellant.*

40

*Harry E. Ries* and *Ries & Kenison,* for appellant.

*Paul Klasen, Prosecuting Attorney,* and *Peter G. Wales, Deputy,* for respondent.

RIPPLE, J.*—Ronald H. Mickle was found guilty upon stipulated facts of possession with intent to manufacture or deliver marijuana. The only issue on appeal is the legality of the search warrant. We reverse.

A citizen informant called the Grant County Sheriff's Department on July 26, 1987, at approximately 10 p.m., and advised he/she had been in a farmhouse owned by Mr. Mickle within 7 days prior to July 27, 1987. The informant further stated that while in the house, he/she observed grow pots with harvested stalks, a bowl with marijuana leaves, a smell of marijuana, the sound of blowers or fans in the bedrooms, and light coming through the doors of the bedrooms.

On July 29, 1987, a search warrant obtained on the basis of the informant's tip was executed by the sheriff's office on Mr. Mickle's house located on the Mickle farm at East Southwest Royal Slope, Grant County. Mr. Mickle resided in a second house directly adjacent to and within sight of the house which was searched.

---

*Judge John J. Ripple is serving as a Judge Pro Tempore of the Court of Appeals pursuant to RCW 2.06.150.

According to records obtained by the sheriff's office and maintained by the Grant County Public Utility District, the electric power account was transferred to Mr. Mickle on March 11, 1987, and showed a consumption amount of a normal household even though the house was apparently vacant.

Mr. Mickle was present during the search which disclosed marijuana leaves, roots, scales, and miscellaneous grow operation equipment including fluorescent lights, a charcoal air filter, metallic polyester, plant food, starter trays, timers, soil testers, and Ziploc baggies. A fingerprint, identified as Mr. Mickle's, was found on the polyester. Mr. Mickle contends the search was illegal because there was not sufficient evidence to establish the reliability of the undisclosed citizen informant.[1]

Because of concern for reliability, information received from an informant is carefully scrutinized. *State v. Huft,* 106 Wn.2d 206, 209, 720 P.2d 838 (1986). An affidavit based on information from an informant must (1) set forth the underlying factual circumstances from which the informant makes his conclusions so that a magistrate can independently determine the reliability of the manner in which the informant acquired his information and (2) set forth facts from which the officer can conclude the informant is credible and his information reliable. *Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964); *State v. Wolken,* 103 Wn.2d 823, 827, 700 P.2d 319 (1985). Additionally, a claim of firsthand observation will not be used to overcome a credibility deficiency. *State v. Jackson,* 102 Wn.2d 432, 441, 688 P.2d 136 (1984). Even though the information may fail under either or both

---

[1]There is an allegation by Mr. Mickle that the police did not know the informant's identity. The affidavit does not state the identity of the informant is known to the police. In its memorandum opinion the court concluded because the informant was a longtime resident of Grant County, a property owner, and owned his/her own business, there was a fair inference his/her identity was known to the police.

prongs, probable cause may still be established by independent police investigation. *Jackson,* at 438; *Gord v. Department of Rev.,* 50 Wn. App. 646, 649, 749 P.2d 678 (1987). However, the investigation is not sufficient if it only corroborates innocuous facts. *Huft,* at 210; *Jackson,* at 445; *State v. Sterling,* 43 Wn. App. 846, 850, 719 P.2d 1357, *review denied,* 106 Wn.2d 1017 (1986). Courts have relaxed the necessary showing of reliability for a citizen informant and a citizen may be deemed reliable when his identity is revealed to the issuing magistrate. *State v. Northness,* 20 Wn. App. 551, 557, 582 P.2d 546 (1978). Great deference will be given to the issuing magistrate's determination of probable cause to issue a search warrant. *State v. Coates,* 107 Wn.2d 882, 888, 735 P.2d 64 (1987).

The affidavit in this case recites: (1) the citizen informant is a longtime resident of Grant County, (2) the citizen informant is a property owner, (3) the citizen informant has no criminal record, and (4) the citizen informant owns his/her own business. Further the citizen informant stated that he/she is familiar with marijuana because (1) the citizen informant has seen marijuana in plant growing form, (2) the citizen informant has seen marijuana in dried form, and (3) the citizen informant is familiar with the smell of marijuana.

In *State v. Franklin,* 49 Wn. App. 106, 107, 741 P.2d 83, *review denied,* 109 Wn.2d 1018 (1987) this court held reliability was not established where the affidavit stated the informant was an "'upstanding citizen with no criminal record and whose only motive for supplying the police with . . . information is to thwart a crime . . .'" The State argues this affidavit states additional facts 1, 2, and 4 which were not provided in the *Franklin* case. Therefore, it concludes reliability has been established.

To establish the reliability of a citizen informant, and thus to fulfill the second prong of the *Aguilar* test, it is only necessary for the police to interview the informant and ascertain such background facts as would support a

reasonable inference that he is "prudent" or credible, and without motive to falsify.

*State v. Chatmon,* 9 Wn. App. 741, 748, 515 P.2d 530 (1973) (citing *United States v. Harris,* 403 U.S. 573, 29 L. Ed. 2d 723, 91 S. Ct. 2075 (1971)).

■ The informant here falls into the second category of informants identified in *Northness,* at 555: a citizen informant whose identity is know to the police but not revealed to the magistrate. Although the courts have relaxed the necessary showing of reliability when a citizen informant furnishes information, that information must still support an inference he or she is telling the truth. *Franklin,* at 109.

Here, there was nothing in the affidavit explaining why the informant was in the farmhouse or why he/she wished to remain unnamed. Additionally, the facts used to establish the informant's credibility were not related to the issue of credibility. Even though a citizen may own a business and/or property or may be a longtime resident of a particular county, this information does not provide the magistrate with a sufficient basis upon which to judge the informant's credibility. Finally, the informant did not supply a "wealth of collateral detail" describing the suspect or his movements which the authorities could corroborate by observation. *Chatmon,* at 745.

■ Assuming there was insufficient evidence to satisfy the credibility prong of *Aguilar–Spinelli,* the next issue is whether the State presented sufficient evidence of independent police corroboration with the presentation of Mr. Mickle's electrical usage records. The affidavit states:

Affiant then checked the power listing at PUD for both houses owned by Ronald Mickle. The house which is to be searched the power is under the name of Ronald Mickle, and the power was transferred to his name 03–11–87. For the last four months the power was the same as 1986, however there is no one living at the residence. . . . Affiant also talked with Sgt. Shultz who advised that he also had information that Ronald Mickle was growing Marijuana in the past.

A high electrical usage in and of itself is insufficient to establish grounds for the issuance of a search warrant. *State v. Huft, supra* at 211 (citing *State v. McPherson,* 40 Wn. App. 298, 698 P.2d 563 (1985) (200 to 300 percent increase)); *State v. Sterling, supra* (400 to 500 percent increase). In both *McPherson* and *Sterling* the locations of the suspected marijuana grow operations were inspected by the police, and additional facts were contained in the respective affidavits. In *McPherson,* at 299, the affiant noted (1) condensation on the windows, (2) potting soil next to the garage door, and (3) black plastic covering the garage door windows. In *Sterling,* at 850–51, the affiant observed (1) opaque material on the windows, (2) large metal vent on roof, (3) sound of electric motor running in the garage, (4) evidence garage door had not recently been opened, (5) evidence garage had been walled off from living area of house, and (6) defendant had two prior narcotics convictions. In *McPherson,* the warrant was suppressed; in *Sterling,* the warrant was affirmed.

Here, the only corroborating information in addition to the record of increased electrical usage was an assertion by another member of the sheriff's department Mr. Mickle had "grown marijuana in the past". This is insufficient to corroborate the information supplied by the informant because it verifies only knowledge of the suspect and his past activities, not that criminal activity is presently occurring. *State v. Jackson, supra* at 438.

The judgment of the trial court is reversed and the case dismissed.

THOMPSON, C.J., and MUNSON, J., concur.