■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HARVELL, Appellant. [704 NYS2d 78] —Judgment, Supreme Court, New York County (Edward Sheridan, J., at suppression hearing; Martin Rettinger, J., at jury trial and sentence), rendered December 7, 1993, convicting defendant of robbery in the second degree, grand larceny in the fourth degree and promoting gambling in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years, 1½ to 3 years, and 6 months, respectively, unanimously affirmed.

Defendant's suppression motion was properly denied. The arresting officer's testimony that he observed defendant "playing a shell game" involving manipulation of bottle caps while several persons looked on, in a manner the officer recognized, in light of his training and experience, to be unlawful gambling activity, gave rise to probable cause supporting defendant's arrest for promoting gambling in the second degree (Penal Law § 225.05; *see, People v McRay*, 51 NY2d 594, 602; *People v Valentine*, 17 NY2d 128, 132). It is manifest from the officer's testimony, including his reference to defendant walking "away from his setup", that defendant was the individual conducting the game by manipulating bottle caps, thereby "advancing gambling activity" (Penal Law § 225.00 [4]), and not merely acting as a "player" (Penal Law § 225.00 [3]). The officer's testimony therefore satisfied the requirement that the People

offer proof of specific facts supporting the existence of probable cause, not the mere conclusion that defendant was engaged in illegal activity (*People v Bouton*, 50 NY2d 130, 135).

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations concerning credibility. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Buckley and Friedman, JJ.