[No. 50948-4. En Banc. June 19, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. STEVEN LEONARD HUFT, *Appellant.*

---

[70]CrR 4.7(h)(3).

[71]RAP 9.1(a).

*Thomas C. Phelan,* for appellant.

*Arthur D. Curtis, Prosecuting Attorney,* and *Darvin J. Zimmerman, Deputy,* for respondent.

*David R. Wohl* on behalf of the American Civil Liberties Union, amicus curiae for appellant.

DOLLIVER, C.J.—Defendant challenges the trial court's denial of the defense motion to suppress physical evidence based on the court's application of the good faith exception to the exclusionary rule.

On May 23, 1984, a search warrant was issued and executed at the residence of defendant, Steven L. Huft, 812 "Z" Street, Vancouver, Washington. The search warrant affidavit at issue was signed by Vancouver Police Detective

Wally Stefan.

In his affidavit, Stefan first related information which the State Patrol had obtained from a confidential informant and passed on to him on May 18, 1984. This informant reported "Steven Huff" and "Susan Parks" were growing marijuana in the basement of their residence at 812 Z Street, Vancouver, Washington. The report claimed the marijuana "grower" drove a yellow Pinto and an orange "Jeep" and named the defendant's place of employment. The informant did not state the basis of his knowledge of the "Marijuana grow operation" nor did Stefan mention any proven "track record" of the informant.

Stefan instigated his own "independent investigation" by contacting the Clark County Public Utility District by telephone and learned the correct spelling of defendant's name as well as that of Susan K. Perks, and that Huft was the current electrical subscriber. He also learned the electric power consumption had increased since the defendant had moved into the house. The March 1, 1984 to April 26, 1984 PUD billing period showed a 3,480 kilowatt hour usage compared to the same billing period a year earlier when 1,780 kilowatt hours of electricity were used by the previous tenants. The 3,480 kilowatt hour reading was a 46 percent increase over the last tenant's maximum usage for the previous year of 2,380 kilowatts (October 27, 1983 to December 30, 1983).

Stefan added that, about 3 months before the confidential informant made his allegations, "a concerned citizen" had reported a man named "Huff" was growing marijuana in his basement. The citizen reported "Huff" lived near the 1800 block of Simpson Avenue in Vancouver. Stefan stated in the affidavit that this information had not been sufficient for him to act upon at the time.

Detective Stefan further stated he had gone to the Z Street address on the evening of May 22, 1984 (4 days after receiving the second informant's tip) and saw an orange "Jeep" and a yellow Pinto. Stefan also noticed an "extremely high–intensity light" emitting from a basement

window. Upon inspection, however, he could not see anything inside the basement.

On the basis of Stefan's affidavit, the court issued a search warrant for the Z Street residence. A search revealed the presence of growing and dried marijuana plants. The trial court denied the defendant's motion to suppress the marijuana and found him guilty on stipulated facts.

The trial court found the "totality of the circumstances test" of *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983) established probable cause for the issuance of the warrant. The trial court also found that even though the warrant was not sufficient under prior standards, the evidence was admissible under the "good faith" exception to the exclusionary rule announced in the case of *United States v. Leon,* 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984).

Defendant claims the trial court improperly applied the *Gates* "totality of the circumstances" test to establish probable cause instead of the standard adopted by this state. The State argues the affidavit set out probable cause under either standard.

■ Probable cause is established in an affidavit supporting a search warrant by setting forth facts sufficient for a reasonable person to conclude the defendant probably is involved in criminal activity. *State v. Cord,* 103 Wn.2d 361, 365, 693 P.2d 81 (1985). Over the years, we have established standards which allow informants to supply the facts necessary to establish probable cause. Because of concern for reliability, information received from informants is subject to some scrutiny by a magistrate to ensure the validity of the information. *State v. Wolken,* 103 Wn.2d 823, 827, 700 P.2d 319 (1985).

We recently rejected the *Gates* "totality of the circumstances" test. *State v. Jackson,* 102 Wn.2d 432, 688 P.2d 136 (1984). Instead, we determined, consistent with Const. art. 1, § 7 and prior case law, that an affidavit using an informant's tips to establish probable cause must establish both the basis of information and the credibility or reli-

ability of the informant. *State v. Wolken, supra. See Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

In *Wolken,* the police received a tip from an informant regarding the defendant's growing of marijuana. The affidavit stated that the informant had personally observed the marijuana plants and that the informant had previously provided reliable information to the county sheriff in Medford, Oregon (which the police in *Wolken* later confirmed). *Wolken,* at 825–26. We held these facts satisfied the 2–pronged test necessary to establish the validity of the informant's information.

■ We also have held that if an informant's tip fails under either or both prongs, probable cause still may be established by independent police investigation. *State v. Jackson, supra* at 438. These investigations should point to suspicious activities or indications of criminal activity along the lines suggested by the informant. The investigation is insufficient if it only corroborates innocuous facts. *State v. Jackson, supra.*

In the present case, we have two separate persons providing tips to the police at different times. First, a "concerned citizen" called the Vancouver police on February 27, 1984, about a "Marijuana grow operation" at an address other than defendant's present address. Second, a confidential informant provided information to the Vancouver police on May 18, 1984. The affidavit did not set forth any of the indicia of reliability for either informant as required in this state. *State v. Woodall,* 100 Wn.2d 74, 666 P.2d 364 (1983); *State v. Jackson, supra.*

The Vancouver police attempted to verify the informants' information to validate its reliability. Initially, the police called the Clark County PUD and received information regarding the defendant. They verified the present address of Steven L. Huft and Susan K. Perks and Huft's place of employment. They also obtained the electrical consumption records of Huft and Perks since they had

moved into the house March 1, 1984.

If this information was available to establish probable cause, these facts appear to be innocuous facts and not the type necessary under *Jackson* to verify criminal activity. At best, they show the informant had *personal* knowledge of the defendant, not of his illegal activity. We do not need to reach the issue of whether the police acquired the defendant's PUD information on electrical consumption illegally, because even with this information, the State has not presented evidence sufficient to satisfy probable cause. *Cf. In re Rosier,* 105 Wn.2d 606, 717 P.2d 1353 (1986). Moreover, there are too many plausible reasons for increased electrical use to allow a search warrant to be issued based on increased consumption. *See State v. McPherson,* 40 Wn. App. 298, 698 P.2d 563 (1985) (increased electrical consumption of 200 to 300 percent was insufficient to establish probable cause of a marijuana growing operation).

The trial court stated the key facts relied on in its probable cause determination were the electrical consumption and the bright light emitting from the basement window. This is not sufficient information to establish probable cause or to verify the tips received from the informants that the defendant was involved in criminal activity.

Although our courts have relaxed the necessary showing of reliability for a citizen informant, the informant must still supply information to support an inference that the informant is telling the truth. *State v. Riley,* 34 Wn. App. 529, 533, 663 P.2d 145 (1983). *See also State v. Northness,* 20 Wn. App. 551, 557, 582 P.2d 546 (1978) (citizen more likely to be reliable when citizen's identity is revealed to the issuing magistrate). In this case, besides no showing of disclosure of the citizen's identity, the officer did not feel the tip was sufficient to act upon. "Citizen" informants must still provide information to establish a basis for their knowledge about the criminal activity. *State v. Jackson, supra.* This information is absent.

Normally, the trial court is entitled to great deference in its probable cause determination. *State v. Cord,* 103 Wn.2d

361, 693 P.2d 81 (1985). Here, however, because of the trial court's misapplication of *Gates* as the controlling case and because of the dearth of information establishing criminal activity was afoot, the trial court's probable cause determination is reversed. The evidence presented by the State in this case is excluded. *State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982); *State v. Buckley,* 145 Wash. 87, 258 P. 1030 (1927).

The State argues the "good faith" exception should be applied pursuant to *United States v. Leon,* 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984). We need not, however, reach the "good faith" issue. As the Court observed in *Leon,* the magistrate must be provided with "a substantial basis for determining the existence of probable cause." *Leon,* at 915 (citing *Illinois v. Gates,* 462 U.S. 213, 239, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983)). Here, the affidavit in support of the probable cause was no more than a "bare bones" affidavit and was invalid. Quality of information, not quantity, is what establishes probable cause. The defendant's conviction is reversed.

UTTER, BRACHTENBACH, DORE, PEARSON, ANDERSEN, CALLOW, and GOODLOE, JJ., concur.

DURHAM, J., concurs in the result.