[Nos. 10698-5-III; 10699-3-III. Division Three. April 23, 1991.]

THE STATE OF WASHINGTON, *Appellant*, v. KARI L. CRAWLEY, *Respondent*.

THE STATE OF WASHINGTON, *Appellant*, v. HENRY CLYDE McWHINNEY, *Respondent*.

*Judith McCauley, Prosecuting Attorney,* and *Frank W. Jenny, Deputy,* for appellant.

*Kathleen E. Schmidt, Scott & Smith,* and *Erick Christianson,* for respondent Crawley.

*DeForest N. Fuller* and *Fuller, Cassel, Beuhler & Hotchkiss, P.S.,* for respondent McWhinney.

MUNSON, J.—The State of Washington appeals an order suppressing evidence obtained in the execution of a warrant

for the search of a residence occupied by Kari Crawley and Henry McWhinney. The State contends the court erred in finding the warrant was issued without probable cause and in failing to apply the "good faith" exception to the exclusionary rule. We affirm.

On September 25, 1989, a search warrant was issued and executed at a residence in East Wenatchee, Washington. The search warrant affidavit was signed by sheriff's deputies Paul Downs and Daniel LaRoche.

Deputy Downs stated he received a telephone call from an anonymous female who reported seeing a marijuana grow operation at the residence. She reported she and her husband were visiting Kari Crawley when Mr. McWhinney, Ms. Crawley's boyfriend, offered to show them the grow operation.

The next day, the female informant called again and asked Deputy Downs to speak with her husband. An anonymous male then told Deputy Downs he had observed a high intensity light shining from the northwest bedroom of the residence the previous night. The male informant also stated he was a friend of Ms. Crawley's mother, Dorothy Tyler.

Deputy LaRoche stated while listening to the anonymous caller on a speaker phone he recognized Mrs. Tyler's name. He had discovered the remains of a marijuana growing operation behind the Tyler residence 2½ weeks earlier. Mrs. Tyler had denied any knowledge of the marijuana grow operation. Deputy LaRoche asked the male informant if he knew anything about the marijuana that had been growing at the Tyler residence, and the informant said Mr. McWhinney had been growing it.

Deputy LaRoche learned from the Douglas County Public Utilities Department that power was provided to the residence in the name of Kari L. Crawley, and power consumption had not increased significantly. He drove past the residence that evening and confirmed a high intensity light was shining from the northwest bedroom, and the bedroom curtains were closed.

On the basis of the deputies' affidavit, the court issued a search warrant for the residence. Growing equipment and marijuana plants were found. The trial court granted Ms. Crawley's and Mr. McWhinney's motions to suppress the evidence.

■ The State contends the supporting affidavit was sufficient to establish probable cause for the search warrant to issue. The requirements for an informant's tip to create probable cause for a search warrant are set forth in *State v. Jackson,* 102 Wn.2d 432, 435, 438, 688 P.2d 136 (1984):

> (1) the officer's affidavit must set forth some of the underlying circumstances from which the informant drew his conclusion so that a magistrate can independently evaluate the reliability of the manner in which the informant acquired his information; and (2) the affidavit must set forth some of the underlying circumstances from which the officer concluded the informant was credible or his information reliable. . . .
>
> . . . .
>
> Finally, if the informant's tip fails under either or both of the two prongs of *Aguilar–Spinelli,*[1] probable cause may yet be established by independent police investigatory work that corroborates the tip to such an extent that it supports the missing elements of the *Aguilar–Spinelli* test.

Both informants stated they had seen the marijuana grow operation and Mr. McWhinney had told them what it was. These statements satisfy the basis of knowledge element. Standing alone, however, the informants' statements provided no basis for the deputies to conclude the informants were credible or their information reliable. Thus, the affidavit was sufficient only if it showed police investigatory work that sufficiently corroborated the tip.

Police investigation which merely verifies innocuous details, commonly known facts or predictable events will not suffice. *Jackson,* at 438. The public utility department's verification of a name supplied by an informant, and the presence of a high intensity light, even when coupled with evidence of a recent increase in electrical consumption, was

---

[1]*Spinelli v. United States,* 393 U.S. 410, 21 L. Ed. 2d 637, 89 S. Ct. 584 (1969); *Aguilar v. Texas,* 378 U.S. 108, 12 L. Ed. 2d 723, 84 S. Ct. 1509 (1964).

held insufficient verification to create probable cause in *State v. Huft,* 106 Wn.2d 206, 720 P.2d 838 (1986).

In the present case, the deputies verified one of the names, Ms. Crawley, provided by the informants,[2] and the presence of a high intensity light.[3] The only additional corroboration relates to the remains of a marijuana grow operation found behind Mrs. Tyler's residence.

Evidence someone had been growing marijuana behind Ms. Crawley's mother's home would tend to corroborate an informant's tip that someone was growing marijuana in Ms. Crawley's home. The only evidence Mrs. Tyler was Ms. Crawley's mother, however, came from the very informant whose credibility remained to be established. No one asked Mrs. Tyler if she had a daughter and if she did, her name and residence. Until the deputies verified that relationship by independent investigation, the informant's tip lacked the corroboration necessary to support the missing reliability element of the *Aguilar–Spinelli* test.

The trial court correctly concluded the affidavit was insufficient to establish probable cause for the search warrant.

The State contends even if the affidavit did not establish probable cause for the warrant to issue, the evidence

---

[2]Ms. Crawley and Mr. McWhinney argue the evidence obtained from the utility department is inadmissible because it was obtained in violation of statutory restrictions. *State v. Maxwell,* 114 Wn.2d 761, 791 P.2d 223 (1990). The issue was not raised in the trial court, nor have the defendants cross–appealed. The issue need not be considered. *See State v. Murray,* 110 Wn.2d 706, 714–15, 757 P.2d 487 (1988).

[3]The State argues the expert knowledge of an experienced officer can render otherwise innocuous facts corroborative of allegations of criminal activity. Such expertise relates to the importance of the high intensity lamp and the likelihood a marijuana grower would move his operation indoors in September.

The significance of a high intensity light was discounted in *Huft.* "The defendant could just as well have been growing orchids." *State v. Kelley,* 52 Wn. App. 581, 588, 762 P.2d 20 (1988) (Reed, C.J., concurring). The likelihood the marijuana operation behind the Tyler residence would have been moved inside as cold weather set in merely explains the fact the operation had been moved, but does not overcome the lack of verification of the relationship between Mrs. Tyler and the Crawley residence.

obtained from the search is nevertheless admissible under the "good faith" exception to the exclusionary rule, citing *United States v. Leon,* 468 U.S. 897, 82 L. Ed. 2d 677, 104 S. Ct. 3405 (1984).

The exclusionary rule is " 'a judicially created remedy designed to safeguard Fourth Amendment rights . . .". *Leon,* 468 U.S. at 906 (quoting *United States v. Calandra,* 414 U.S. 338, 348, 38 L. Ed. 2d 561, 94 S. Ct. 613 (1974)). The Court held the exclusionary rule does not require suppression of "evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant . . .". *Leon,* 468 U.S. at 922.

█ Based on the substantial difference in wording between the Fourth Amendment and article 1, section 7 of the Washington Constitution, the Washington Supreme Court has held freedom from unreasonable searches and seizures may be interpreted more expansively under the state constitution than under the federal constitution. *Jackson,* at 439. Thus, when the United States Supreme Court departed from the *Aguilar–Spinelli* standard in *Illinois v. Gates,* 462 U.S. 213, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983), *Jackson,* at 443, rejected the *Gates* approach in favor of the "well established protections against unreasonable searches" provided by *Aguilar–Spinelli.*

█ Const. art. 1, § 7 similarly provides independent state grounds for the exclusionary rule. *See State v. White,* 97 Wn.2d 92, 640 P.2d 1061 (1982). Under the Washington Constitution, the exclusionary rule serves not merely as a remedial measure for unconstitutional government actions, but rather to assure judicial integrity and preserve the individual's right to privacy. *White,* at 109–10. "The important place of the right to privacy in Const. art. 1, § 7 seems to us to require that whenever the right is unreasonably violated, the remedy must follow." *White,* at 110. The exclusionary rule has long been applicable to evidence obtained in the execution of an invalid warrant:

There have been many cases . . . where articles seized by police officers without a search warrant, or upon an invalid warrant, were subsequently offered in evidence against the person from whom, or on whose premises or property, they were taken. . . .

These cases either specifically announce, or else recognize, the well settled principle, or rule, that the state may not use, for its own profit, evidence that has been obtained in violation of law.

*State v. Gunkel*, 188 Wash. 528, 534, 63 P.2d 376 (1936). The Washington Supreme Court has not adopted the federal rule announced in *Leon. See State v. Kelley*, 52 Wn. App. 581, 587 n.2, 762 P.2d 20 (1988). *State v. Huft, supra*, declined to do so, reciting that a substantial basis for determining the existence of probable cause is required. Until the United States Supreme Court has overruled *White* and *Gunkel*, the exclusionary rule stated therein remains valid.[4]

Affirmed.

GREEN, C.J., and SHIELDS, J., concur.

---

[4]Division One of the Court of Appeals applied *Leon* in *State v. Salazar*, 59 Wn. App. 202, 208, 210, 796 P.2d 773 (1990) without discussing state constitutional considerations.