[No. 28956-0-I.   Division One.   November 8, 1993.]

LILLIE M. BROWN, *Appellant,* v. SEATTLE PUBLIC SCHOOLS, ET AL, *Respondents.*

*Lembhard G. Howell* and *Lembhard G. Howell, P.S.,* for appellant.

*Nantambu Bomani,* pro se; *Lawrence B. Ransom* and *Karr Tuttle Campbell,* for respondents.

*Duane Michael Swinton,* amicus curiae.

GROSSE, J. — Lillie M. Brown, principal of Rainier View Elementary School, and former principal of Genesee Hill Elementary School, appeals the decision of the trial court compelling disclosure of portions of her personnel records. Disclosure of the requested records was sought from the Seattle School District (School District) by the president of the Rainier View School Parent Teacher Association, Nantambu Bomani. Brown sought an injunction to prevent the School District from disclosing the documents to Bomani.

The School District identified a large number of documents as being responsive to Bomani's request. Brown initially opposed the disclosure of many of them; however, by mutual agreement this number was narrowed to the 23 documents which remain in issue. The documents relate to the evaluation of, and efforts to improve, Brown's effectiveness and performance of her duties as a principal of an elementary school, specifically Genesee Hill Elementary School and Rainier View Elementary School. Other than yearly performance evaluations and self-evaluations, the remaining documents pertain to the following: Brown's handling of a racially motivated dispute between two teachers at Genesee Hill Elementary School; her "inflexible attitude" involving a school district administration intern; her use of school district properties; travel to an administrator's conference at a time when her school was in an uproar; and her handling of an assault on a teacher by a parent at Rainier View Elementary School.

No testimony was taken but the parties submitted briefs and other documentation to the trial court. In addition, the trial court heard oral argument. The trial court also made an in camera review of the requested documents. The trial court held these requested records did not fall within the scope of RCW 42.17.310(1)(b), and were not exempt from disclosure. Included in the decision was the finding that

disclosure of these documents would not be highly offensive to a reasonable person, and further that the documents were of legitimate concern to the public.[1] Further, the trial court concluded disclosure would not violate Brown's right to privacy as defined by statute.

The decision of the trial court is based on the definition of "right to privacy" contained in RCW 42.17.255 and on the case of *Brouillet v. Cowles Pub'g Co.*, 114 Wn.2d 788, 791 P.2d 526 (1990). At the time the trial court made its decision it did not have the benefit of the Supreme Court decision in *Dawson v. Daly*, 120 Wn.2d 782, 845 P.2d 995 (1993). The trial court held that under the statute's definition of privacy, as applied in *Brouillet*, for Brown to prevail, either she or the School District had to establish the existence of the fact that disclosure would be highly offensive to a reasonable person *and* that the information would not be of legitimate concern to the public. Although finding disclosure might potentially cause Brown some inconvenience or discomfort, the court found the documents were not "highly offensive" as contemplated by RCW 42.17.255. In addition, the court found the documents to be of legitimate public interest. The trial court entered findings, conclusions, and an order compelling disclosure. Brown appeals.[2]

---

[1] *See* RCW 42.17.255, .330.

[2] Nantambu Bomani failed to file a brief of respondent in this case. He filed a memorandum on January 10, 1992, but it does not comport to the Rules of Appellate Procedure. He did not respond to the request for additional briefing. A respondent choosing to proceed on appeal without filing a brief "does so at his peril." *Martin v. Schoonover*, 13 Wn. App. 48, 51, 533 P.2d 438 (1975). In such cases the standard of review is limited to the determination of whether the appellant's brief, considered in light of the record, establishes a prima facie case of reversible error. *State v. Wilburn*, 51 Wn. App. 827, 829-30, 755 P.2d 842 (1988); *Hobart Corp. v. North Central Credit Servs., Inc.*, 29 Wn. App. 302, 303, 628 P.2d 842 (1981); *Foley v. Smith*, 14 Wn. App. 285, 289, 539 P.2d 874 (1975).

The decision to apply this prima facie error rule is discretionary with the reviewing court. *In re Atkins*, 57 Wn. App. 771, 774, 790 P.2d 210 (1990). Here, the decision of the trial court as to documents being nonexempt from disclosure under the public disclosure act is being challenged by appellant Brown. Respondent School District agrees with Brown and also is arguing for reversal, or against

We hold that the decision of the Supreme Court in *Dawson v. Daly, supra,* controls this case and do not reach the constitutional issues raised by the parties.[3]

In *Dawson,* a county prosecutor sought an injunction to prevent the disclosure of documents contained in a deputy prosecutor's personnel file, including performance evaluations. *Dawson,* 120 Wn.2d at 787-88. The trial court denied the injunction, but on direct review, the Supreme Court reversed that decision.

■ Under *Dawson,* performance evaluations of public employees are public records under the public disclosure act upon the satisfaction of two conditions: (1) preparation by a governmental agency, and (2) the evaluations must contain information related to government conduct or to performance of government functions. *Dawson,* 120 Wn.2d at 788-89. Here, all of the requested documents in "envelope 2" are evaluative in nature as they relate to the performance of Brown as principal of two elementary schools. Therefore, under *Dawson* the requested documents are "public records" within the meaning of the public disclosure act.

As to Brown's claims, the *Dawson* court creates a presumption which strongly favors nondisclosure of performance evaluations such as those here. The *Dawson* court stated:

> The sensitivity of any human being to disclosure of information that may be taken to bear on his or her basic competence is sufficiently well known to be an appropriate subject of judicial notice.

(Footnote omitted.) *Detroit Edison Co. v. NLRB,* 440 U.S. 301, 318, 59 L. Ed. 2d 333, 99 S. Ct. 1123 (1979). This sensitivity

---

disclosure. Amicus Allied Newspapers of Washington argues for disclosure. Because of the importance of the issue, with the fact that both "sides" are briefed and argued, this court will decide the case on its merits.

[3]Brown argued below that she had a constitutional right to privacy in her personnel records, and disclosure would violate this constitutional right. " 'A reviewing court should not pass on constitutional matters unless absolutely necessary to its determination of the case.' " *State v. Maxwell,* 114 Wn.2d 761, 771, 791 P.2d 223 (1990) (quoting *State v. Ng,* 110 Wn.2d 32, 36-37, 750 P.2d 632 (1988)). An appellate court will not decide a constitutional issue when the case can be decided on other grounds. *State v. Tingdale,* 117 Wn.2d 595, 599, 817 P.2d 850 (1991); *State v. Hall,* 95 Wn.2d 536, 539, 627 P.2d 101 (1981).

> goes beyond mere embarrassment, which alone is insufficient grounds for nondisclosure . . . Employee evaluations qualify as personal information that bears on the competence of the subject employees.
>
> We hold that disclosure of performance evaluations, which do not discuss specific instances of misconduct, is presumed to be highly offensive within the meaning of RCW 42.17.255.

*Dawson*, 120 Wn.2d at 797. Thus, Brown's argument that disclosure of these documents would be highly offensive in regard to her right to privacy is correct under the holding in *Dawson*.

■■ The court recognized that RCW 42.17.255 does not allow a balancing of the employee's privacy interest against the public interest. However, the court went on to hold that RCW 42.17.010(11) contemplates some balancing of the public interest in disclosure against the public interest in the "efficient administration of government". The *Dawson* court held that the term "legitimate public concern" used in the earlier cases and in RCW 42.17.255 meant "reasonable". *Dawson*, 120 Wn.2d at 798. Consequently, requiring disclosure where the public interest in efficient government could be harmed more than the public would be served, is unreasonable. Accordingly documents will not be disclosed where the public concern is not "legitimate". *Dawson*, 120 Wn.2d at 798.

In addition, in *Dawson*, the Supreme Court held that RCW 42.17.330 creates "an independent basis upon which a *court* may find that disclosure is not required". *Dawson*, 120 Wn.2d at 793-94.

RCW 42.17.330 states in part:

> **Court protection of public records.** The examination of any specific public record may be enjoined if, upon motion and affidavit . . . the superior court for the county in which the movant resides or in which the record is maintained, finds that such examination would clearly not be in the public interest and would substantially and irreparably damage any person, or would substantially and irreparably damage vital governmental functions.

■ Before the lower court, the School District argued the requested documents should be exempt from disclosure be-

cause public education is a vital government function requiring effective evaluation systems of the teachers and administrators. The School District claims the evaluation system would be undermined if it is stripped of confidentiality, which disclosure of these documents would suggest. In other words, the School District makes the argument that it would be poor precedent to allow the blanket disclosure of personnel records containing school district evaluations. It is for these reasons Brown argues the second prong of the "privacy" test is met — there is no public interest in disclosure of the evaluations.

We agree. Legitimate public concern is lacking here for the same reasons found in *Dawson*. We specifically recognize these reasons with regard to employees of public education.[4]

As stated in *Dawson*, the harm outweighs the public interest in disclosure in cases where a review reveals that the evaluations do not discuss specific instances of misconduct or public job performance.

■ In the case before us there is an argument to be made that some of the documents address *concerns* about Brown's handling of specific incidents at the schools where she was the principal. There is no discussion of specific instances of *misconduct* on Brown's part, only shortcomings and performance criticisms, as well as praises. Again, as the *Dawson* court points out, if disclosure of these evaluations is allowed, the quality of public employee performance will suffer because employees will not receive the guidance and constructive criticism required for them to improve their perform-

---

[4]Disclosure could harm the public interest in efficient government in two ways. First, if public employees were aware that their performance evaluations were freely available to their co-workers, neighbors, the press, and anyone else who cares to make a request under the public disclosure act, employee morale would be seriously undermined, resulting in a reduction of the quality of performance. *See Ripskis v. Department of Housing & Urban Dev.*, 746 F.2d 1, 3 (D.C. Cir. 1984). Second, disclosure could cause even greater harm to the public by making supervisors reluctant to give candid evaluations. *See Ripskis*, at 3; *Trenton Times Corp. v. Board of Educ.*, 138 N.J. Super. 357, 363, 351 A.2d 30 (1976).

ance and increase their efficiency. *Dawson*, 120 Wn.2d at 799.[5]

Because a reading of *Dawson* in conjunction with the facts before this court requires reversal of the trial court's decision regarding the disclosure of the documents contained in "envelope 2", we decline to reach the other arguments for reversal proffered by the School District.

Amicus Allied Newspapers of Washington contends that it and respondent Bomani are entitled to attorney fees and costs pursuant to RCW 42.17.340(3). The statute provides that a *prevailing* party under a public records act case is entitled to costs and attorney fees in connection with the legal action, including fees on appeal. However, because our decision precludes disclosure the amicus and Bomani are not the prevailing parties and are not entitled to fees. Additionally, under RAP 18.1, Allied Newspapers is not entitled to attorney fees on appeal.

The decision of the trial court is reversed. We remand the case for issuance of a permanent injunction enjoining the School District from disclosing the disputed records.

COLEMAN and BAKER, JJ., concur.

Review denied at 123 Wn.2d 1031 (1994).

---

[5]Additionally, as argued before the *Dawson* case was decided, Brown contends the distinction between the facts of *Brouillet* and the case here is that a reading of *Brouillet* as found by the trial court would mean that personnel files and the information contained therein would never be exempt if there was even a *slight* public interest implicated regardless of a violation to a right of privacy. Brown contends this would basically render the exemption in RCW 42.17.310(1)(b) meaningless. A statute is not to be interpreted in such a way that it produces an absurd result or renders meaningless its enactment. *Kirk v. Moe*, 114 Wn.2d 550, 554, 789 P.2d 84 (1990); *Pasco v. Napier*, 109 Wn.2d 769, 773, 755 P.2d 170 (1988). The *Dawson* case answers this question. However, even under *Dawson*, the burden on the person seeking to enjoin disclosure is still considerable. This is consistent with the policy of the public disclosure act which favors disclosure. Further, a review of the records before the panel shows that the information contained therein is not so much of a personal nature, but that the documents deal with Brown's effectiveness and leadership abilities at the schools where she was the principal.