IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 31070-1-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS ROGER JONES, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, C.J. — Thomas Roger Jones challenges the trial court's rulings on his

motions to suppress and to hold a *Franks*[1] hearing. The trial court properly rejected his

contentions. We affirm his convictions for possession with intent to manufacture or

deliver methamphetamine, two counts of second degree unlawful possession of a firearm,

and possession of oxycodone.

## FACTS

After using an informant to make four controlled purchases from Mr. Jones's rural

Pend Oreille County residence, law enforcement officers obtained a search warrant for

the premises. The search revealed a large amount of methamphetamine along with

packaging material, scales, cash, two guns, and some oxycodone. One charge was filed

for each of the two drugs and for both guns. Apparently deciding not to reveal the

---

[1] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

identity of the informant, the prosecution did not file charges relating to any of the four deliveries recited in the affidavit.

The defense moved to suppress all evidence, arguing that the warrant was misdated, the controlled buys were not properly conducted, and that a *Franks* hearing was necessary to address information that was omitted from the warrant affidavit. The matter proceeded to telephonic argument without testimony. In the course of its analysis, the trial court ruled that no *Franks* hearing was necessary because even if the disputed information was read into the warrant, probable cause still existed. The motion was denied.

Mr. Jones ultimately submitted his case to the court as a stipulated trial. The court found him guilty as charged. After a standard range sentence was imposed, he timely appealed to this court.

## ANALYSIS

Mr. Jones presents three arguments. He contends first that several of the court's findings, including the finding related to the signing of the warrant, are not supported by the record. He also argues that the controlled buys were not properly conducted and that a *Franks* hearing was necessary. We address those three arguments in that order.

2

*Factual Findings*

Mr. Jones argues that the trial court erred in finding that the magistrate signed the search warrant on December 22, 2010, instead of the December 10, 2010, date indicated on that document. He also argues that seven other findings lack support in the record.

Well settled standards govern this challenge. The conclusions of law entered following a suppression hearing are reviewed de novo. *State v. Duncan*, 146 Wn.2d 166, 171, 43 P.3d 513 (2002). Factual findings are reviewed for substantial evidence, i.e., evidence sufficient to convince a rational person of the truth of the finding. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). Unchallenged findings are treated as verities on appeal. *Id.*

The search warrant was signed by Judge Philip Van de Veer and dated December 10, 2010. The first finding of fact entered after the suppression hearing indicates that Judge Van de Veer signed the warrant on December 22, 2010. Mr. Jones argues that this first finding is not supported by the evidence in the record. We disagree.

Both the affidavit in support of the warrant and the search warrant itself bore the same caption: "SW 12-22-2010." The affidavit was signed and dated December 22, 2010, by both the detective and Judge Van de Veer, who subscribed the detective's signature. The search warrant itself bears the judge's signature with the handwritten date of December 10, 2010. The affidavit details the four controlled buys made by the

informant and describes the last two of them as occurring on December 16 and December 21, 2010.

Based on this conflicting information, the trial court concluded that Judge Van De Veer simply made a scrivener's error when writing down December 10 on the search warrant. The record supports this determination. The warrant and the affidavit were presented together; one bears the December 22nd date while the other was signed using December 10th as the date. The affidavit refers to events occurring after December 10th.

The evidence strongly suggests that the December 10th date was a simple mistake made when the judge signed the warrant. The trial court did not err in concluding that the December 10th date was a simple scrivener's error.[2] Substantial evidence supports the trial court's ruling.

Mr. Jones also attacks the court's findings of fact 3-9. These findings largely relate to the controlled buys described in the search warrant affidavit. The affidavit provides factual support for each of the challenged findings. They, therefore, are all supported by substantial evidence. Mr. Jones also argues that some of the findings are misleading or inadequate. Those concerns reflect his legal arguments which we address next.

---

[2] A clerical error does not invalidate a warrant. *State v. Wible*, 113 Wn. App. 18, 25-26, 51 P.3d 830 (2002) (involving similar misdating issue).

4

The trial court did not err in entering the challenged findings from the suppression hearing.

*Adequacy of the Controlled Buys*

Mr. Jones next argues that the search warrant lacks probable cause because the controlled buys were not properly conducted. The magistrate was free to credit the information and did not err in determining that probable cause existed.

Probable cause to issue a warrant is established if the supporting affidavit sets forth "facts sufficient for a reasonable person to conclude the defendant probably is involved in criminal activity." *State v. Huft*, 106 Wn.2d 206, 209, 720 P.2d 838 (1986). The affidavit must be tested in a commonsense fashion rather than hypertechnically. *State v. Jackson*, 150 Wn.2d 251, 265, 76 P.3d 217 (2003). The existence of probable cause is a legal question which a reviewing court considers de novo. *State v. Chamberlin*, 161 Wn.2d 30, 40, 162 P.3d 389 (2007). However, "[g]reat deference is accorded the issuing magistrate's determination of probable cause." *State v. Cord*, 103 Wn.2d 361, 366, 693 P.2d 81 (1985). Even if the propriety of issuing the warrant were debatable, the deference due the magistrate's decision would tip the balance in favor of upholding the warrant. *State v. Jackson*, 102 Wn.2d 432, 446, 688 P.2d 136 (1984). In light of the deference owed the magistrate's decision, the proper question on review is whether the magistrate *could* draw the connection, not whether he or she *should* do so.

Washington continues to apply the former *Aguilar-Spinelli*[3] standards to assess the

adequacy of a search warrant affidavit. *Jackson*, 102 Wn.2d at 446.[4] As applied in

Washington, probable cause based upon an informant's information requires that an

affidavit establish both the informant's reliability and basis of knowledge. *Id.* at 443.

Where one or both of those factors is weak, independent police investigation can supply

corroboration. *Id.* at 445.

Police frequently use informants to make controlled purchases of controlled

substances. A properly conducted controlled buy makes an informant a credible source of

information. *E.g., State v. Casto*, 39 Wn. App. 229, 234-35, 692 P.2d 890 (1984). The

reason was explained:

> In a "controlled buy," an informant claiming to know that drugs are for sale
> at a particular place is given marked money, searched for drugs, and
> observed while sent into the specified location. If the informant "goes in
> empty and comes out full," his assertion that drugs were available is
> proven, and his reliability confirmed. Properly executed, a controlled buy
> can thus provide the facts and circumstances necessary to satisfy *both*
> prongs of the test for probable cause.

*Id.* (citations omitted; emphasis in original).

---

[3] *Aguilar v. Texas*, 378 U.S. 108, 84 S. Ct. 1509, 12 L. Ed. 2d 723 (1964); *Spinelli v. United States*, 393 U.S. 410, 89 S. Ct. 584, 21 L. Ed. 2d 637 (1969).

[4] Federal courts now apply a totality of the circumstances test in evaluating the sufficiency of a search warrant. *Illinois v. Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983).

Mr. Jones contends that the police did not conduct a proper controlled buy, thus the warrant failed to establish probable cause. Like the trial judge, we believe his arguments go more to the weight of the evidence rather than rendering the affidavit deficient.

The gist of Mr. Jones's argument is that the officers could not see the informant go into the residence because it was one-half mile down the roadway from the public access. He argues that because the officers could not see the informant the entire way, there is no guarantee that he might not have stopped somewhere along the road and met up with someone else. As the trial court recognized, this court dealt with an urban version of this problem in *State v. Lane*, 56 Wn. App. 286, 786 P.2d 277 (1989).

In *Lane* the officers observed their informant enter the main entrance of an apartment complex. The informant then went up the stairs and entered one of the apartments where the drug transaction then took place. *Id.* at 289. Although the officers could not see which apartment the informant entered, this court still found that the controlled buy was properly conducted. *Id.* at 293-94.

Mr. Jones attempts to distinguish *Lane* on the basis that there, unlike his case, the officers could at least see the informant enter the apartment building while in his situation the informant might have stopped anywhere along the half-mile driveway. The trial court thought this situation was actually stronger than *Lane* since there were no other residences located along the driveway. We agree. We also note, however, that Mr.

7

Jones's argument emphasizes the wrong aspect of the *Casto* test. As noted in *Casto*, the critical fact is that the informant went in empty and came out full, thus verifying the report that drugs could be purchased and rendering the informant reliable. 39 Wn. App. at 234. Where the informant was getting his drugs was less important than the fact that he was supporting his claim that he could get them. *Id.* at 235. Here, the informant supported his report four times. Ample probable cause existed.

The trial court properly denied the motion to suppress.

*Franks Hearing*

Mr. Jones also argues that the trial court erred in not conducting a *Franks* hearing to address information he believes should have been included in the warrant affidavit. In particular, he argues that the affidavit should have stated that officers could not see the informant enter the residence and should have included the informant's criminal history. We agree with the trial court that probable cause would have existed even with this information included in the affidavit. There was no need to conduct a *Franks* hearing.[5]

In limited circumstances, the information contained in or omitted from a search warrant can be challenged. *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978). When information was deliberately or recklessly excluded from

---

[5] Mr. Jones also made a related request for discovery concerning the controlled buys in order to support his *Franks* argument. In view of our decision that no hearing was necessary, we need not address the discovery request.

an affidavit, a court is to add the information to the warrant and determine if probable cause still exists. *Id.* at 171-72. If there is still probable cause, the motion will be denied.[6] *Id.* at 172. If there no longer is probable cause, then the challenger is entitled to a hearing to attempt to establish the contention that the information was known to police and required to be included in the affidavit. *Id.*

The trial judge ruled that including the additional information in the warrant did not vitiate probable cause. *Lane* is controlling in support of that ruling.

We have previously discussed the issue of whether or not the police needed to see the informant enter the Jones residence. As noted, the *Lane* court faced the same problem. Although police could see the informant enter the front door of an apartment complex, they could not see which apartment the informant then entered. Probable cause still exists if the fact that surveying officers could not see the informant enter the Jones residence is read into the affidavit in this case. The critical fact was that the informant came back with the controlled substances that he said he could purchase. There was no need to conduct a hearing on this issue.

Similarly, *Lane* disposes of the argument that the informant's criminal history needed to be disclosed to the issuing magistrate. There we concluded that the magistrate was not misled by the omission of the informant's criminal history since it was the

---

[6] The same approach applies to false information that was deliberately or recklessly included in the affidavit. 438 U.S. at 171-72.

9

No. 31070-1-III
*State v. Jones*

court's "common experience" that an informant "has had prior contact with the criminal justice system." 56 Wn. App. at 295. That common experience has not changed in the quarter century since *Lane* was filed.

Neither allegation negated probable cause. The trial court correctly denied the request for a *Franks* hearing.

The court's factual findings are supported by the record. The affidavit established probable cause to search the Jones property. Accordingly, the trial court properly denied the motion to suppress.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Korsmo, C.J.

WE CONCUR:

Kulik, J.

Siddoway, J.

10